IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02335-RPM

CLINT SANDEL,

    Plaintiff,

v.

ENCANA OIL & GAS (USA), INC.,

    Defendants.

_____

ORDER FOR STAY PENDING ARBITRATION
_____

    In the complaint filed September 6, 2011, Clint Sandel claims that before his termination on November 13, 2010, he was an employee of defendant Encana Oil & Gas (USA), Inc., and was denied benefits under the Fair Labor Standards Act (FLSA). The defendant contends that Clint Sandel worked as an independent contractor pursuant to a written Independent Contractor Agreement, a copy of which is attached to the defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) or, in the Alternative, Motion to Compel Arbitration.

    The basis for the defendant's motion is Paragraph 24 of the Agreement providing for dispute resolution by arbitration in accordance with the American Arbitration Association Rules. The paragraph also provides that "the prevailing party shall be entitled to recover its reasonable attorneys' fees."

    The plaintiff's response to the defendant's motion is somewhat ambivalent in that he contends that FLSA claims are not subject to the arbitration agreement and that the quoted provision concerning attorneys' fees is unenforceable under Colorado law. The

plaintiff contends that if the Court orders arbitration the order should strike that provision and require Encana to pay all of the costs and expenses associated with arbitration, citing an order from another judge of this court.

The defendant's reply challenges the Court's authority to make such an order conditioning arbitration.

The question to be submitted in arbitration is whether the independent contractor agreement is valid and enforceable thereby precluding the claim for overtime compensation under the FLSA.  That is an issue of contract interpretation which gives rise to arbitration under the Federal Arbitration Act.  If the arbitration panel determines that the plaintiff's work was performed as an employee under the FLSA, the award must necessarily invalidate that provision of the contract requiring payment of attorneys' fees both because Sandel would be the prevailing party and because the statutory remedy for an FLSA violation would become applicable.  At any rate, rather than dismissing this civil action, this Court has elected to stay it pending arbitration, following which it is expected that the parties will again be before the Court to determine enforceability of the arbitration award.  Accordingly, it is

ORDERED that this civil action is stayed and the parties are directed to proceed with arbitration.

DATED: December 21st, 2011

                                          BY THE COURT:

                                          s/Richard P. Matsch
                                          _____
                                          Richard P. Matsch, Senior Judge